UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| SHAWN A. HARRINGTON, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:16-cv-00898-JTN-PJG |
| ) | |
| v. ) | Honorable Janet T. Neff |
| ) | |
| COMMISSIONER OF ) | |
| SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## REPORT AND RECOMMENDATION

This was a social security action brought under 42 U.S.C. §§ 405(g), 1383(c)(3), seeking review of a final decision of the Commissioner of Social Security finding that plaintiff was not entitled to disability insurance benefits (DIB) and supplemental security income (SSI) benefits. On June 22, 2017, this Court entered a judgment reversing the Commissioner's decision and remanding this matter to the Commissioner under sentence four of 42 U.S.C. § 405(g) for further administrative proceedings. (ECF No. 18).

On September 18, 2017, plaintiff filed a motion for attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. (ECF No. 19). The Commissioner filed a timely response opposing plaintiff's application. (ECF No. 21). Plaintiff subsequently filed a reply to the Commissioner's response. (ECF No. 22). For the reasons set forth herein, I recommend that plaintiff's motion be denied.

## Discussion

The EAJA provides in relevant part:

Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . ., including proceedings for judicial review of agency action, brought by or against the United States . . ., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A); *see Astrue v. Ratliff*, 560 U.S. 586, 591-93 (2010). A district court's decision granting or denying a motion for attorney's fees under the EAJA is reviewed on appeal under a deferential "abuse of discretion" standard. *DeLong v. Commissioner*, 748 F.3d 723, 725 (6th Cir. 2014).

The Sixth Circuit has identified three conditions that must be met to recover attorney's fees under the EAJA: (1) the claimant must be a prevailing party; (2) the government's position must be without substantial justification; and (3) there are no special circumstances which would warrant a denial of fees. *See DeLong v. Commissioner*, 748 F.3d 723, 725 (6th Cir. 2014). Plaintiff is a prevailing party under this Court's judgment remanding this matter to the Commissioner. *See Shalala v. Schaefer*, 509 U.S. 292, 298 (1993). Plaintiff is a financially eligible person under the EAJA. *See* 28 U.S.C. § 2412(d)(2)(B).

Defendant opposes an EAJA award, asserting that the government's position was substantially justified. (ECF No. 21). Defendant has the burden of demonstrating that the government's position was substantially justified. *See*

*Scarborough v. Principi*, 541 U.S. 401, 414 (2004); *Peck v. Commissioner*, 165 F. App'x 443, 446 (6th Cir. 2006). The government's position is substantially justified if it is "justified in substance or in the main -- that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Defendant has carried her burden.

Plaintiff is not entitled to EAJA attorney's fees simply because he obtained a decision from this Court reversing the Commissioner's decision and remanding the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). *See DeLong*, 748 F.3d at 726; *Ratliff v. Commissioner*, 465 F. App'x 459, 460 (6th Cir. 2012) ("The Commissioner's position may be substantially justified even if it is rejected by the district court."); *Couch v. Secretary of Health & Human Servs.*, 749 F.2d 359, 360 (6th Cir. 1984) ("The fact that this court finds a decision of the Secretary not supported by substantial evidence is not equivalent to a finding that the position of the United States was not substantially justified."); *Saal v. Commissioner,* No. 1:08-cv-347, 2010 WL 2757554, at *2 (W.D. Mich. June 24, 2010) ("The ALJ's failure to meet the articulation requirements in a decision 'in no way necessitates a finding [that the Commissioner's] position was not substantially justified.' " (quoting *Stein v. Sullivan,* 966 F.2d 317, 320 (7th Cir. 1992)).

This case turned on the narrow issue of whether the Administrative Law Judge (ALJ) adequately articulated her reasons for finding plaintiff's testimony was partially credible. Credibility determinations concerning a claimant's subjective

-3-

complaints are peculiarly within the province of the ALJ. The ALJ's determination regarding the credibility of a claimant's subjective complaints is reviewed under the "substantial evidence" standard. This is a "highly deferential standard of review." *Ulman v. Commissioner*, 693 F.3d 709, 714 (6th Cir. 2012). "Claimants challenging the ALJ's credibility determination face an uphill battle." *Daniels v. Commissioner*, 152 F. App'x 485, 488 (6th Cir. 2005); *see Ritchie v. Commissioner*, 540 F. App'x 508, 511 (6th Cir. 2013) ("We have held that an administrative law judge's credibility findings are 'virtually unchallengeable.' "). Ultimately, the "Court [was] unable to trace the path of the ALJ's reasoning" and remanded this case to the Commissioner to reevaluate plaintiff's credibility. (Op. at 16, ECF No. 17, PageID.706). Nonetheless, the Commissioner was substantially justified in arguing that the ALJ's factual finding regarding plaintiff's credibility should be upheld. Further, the Court found that all other issues raised by plaintiff lacked merit. (Op. at 5-13, ECF No. 17, PageID.695-703). The Commissioner's arguments, taken as a whole, were justified, and the credibility determination issue was distinct from the issues on which the Commissioner prevailed. *See Amezola-Garcia v. Lynch*, 835 F.3d 553, 555 (6th Cir. 2016).

The evidence did not strongly establish proof of disability or entitlement to DIB and SSI benefits (Op. at 17, ECF No. 17, PageID.707), and the matter was remanded on the narrow basis of an articulation violation. The Commissioner's decision to deny plaintiff's claims for benefits and to defend that denial in this Court had a

-4-

reasonable basis in law and fact, even though the ALJ's opinion was not sufficiently explicit. *See, e.g., Anderson v. Commissioner*, No. 98-6284, 1999 WL 1045072, at *5-6 (6th Cir. 1999); *Bates v. Commissioner, Bates v. Commissioner*, No. 1:15-cv-739, 2017 WL 3593881, at *1 (W.D. Mich. Aug. 21, 2017).

Accordingly, I conclude that the Commissioner's position was substantially justified.

## **Recommended Disposition**

For the reasons set forth herein, I recommend that plaintiff's motion for EAJA attorney's fees (ECF No. 19) be denied.


Dated:   July 13, 2018            /s/ Phillip J. Green
                                  PHILLIP J. GREEN
                                  United States Magistrate Judge

## **NOTICE TO PARTIES**

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely and specific objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008).   General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).