UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHAWN A. HARRINGTON,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

Case No. 1:16-cv-898

HON. JANET T. NEFF

## **OPINION AND ORDER**

On June 22, 2017, the Court reversed the Commissioner's decision denying Plaintiff's claim for disability insurance benefits (DIB) and supplemental security income (SSI) benefits and remanded this matter for further administrative action. Pending now before the Court is Plaintiff's Application for Attorneys' Fees under the Equal Access to Justice Act (EAJA), by which Plaintiff seeks fees of $7,586.00. 28 U.S.C. § 2412. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R), recommending that this Court deny Plaintiff's application for EAJA fees. The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation (ECF No. 24). Defendant filed a response to the objections (ECF No. 25). In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

Plaintiff argues that the Magistrate Judge erred in finding the Commissioner's position was "substantially justified," thus precluding an award of fees under the EAJA, because the Administrative Law Judge's (ALJ's) error was more than an articulation error (*see* R & R, ECF

No. 23 at PageID.802, citing *DeLong v. Commissioner*, 748 F.3d 723, 725 (6th Cir. 2014); *id*. at PageID.804-805). Plaintiff acknowledges the Magistrate Judge's determination that this case "turned on the narrow issue of whether the Administrative Law Judge (ALJ) adequately articulated her reasons for finding plaintiff's testimony was partially credible" (Obj., ECF No. 24 at PageID. 807, citing R & R, ECF No. 23 at PageID.803). Plaintiff asserts this statement is inaccurate because the decision clearly identified statements by the ALJ that were *contradicted* by the evidence (Obj., ECF No. 24 at PageID. 807). "[T]herefore, it appears that the Court was unable to trace the path of the ALJ's reasoning not because the ALJ failed to adequately articulate why she found Plaintiff less than fully credible, but because that articulation was flawed and inaccurate, and therefore could not serve as substantial evidence supporting the ALJ's conclusion" (*id*.). Plaintiff asserts that since multiple false or selectively chosen statements about the record cannot serve as substantial evidence supporting the ALJ's decision, the Commissioner's position in this case clearly had no basis in law and fact, i.e., was not "substantially justified" (*id*. at PageID.807-808).

Plaintiff's argument is without merit. Although the Court found that the ALJ had made factual errors in articulating her rationale regarding the assessment of Plaintiff's subjective allegations (ECF No. 17 at PageID.705-706), the ALJ's error was one of articulation. As the Magistrate Judge noted: "Ultimately, the 'Court [was] unable to trace the path of the ALJ's reasoning' and remanded this case to the Commissioner to reevaluate plaintiff's credibility" (R & R, ECF No. 23 at PageID.804, citing Op., ECF No. 17 at PageID.706).

In considering Plaintiff's EAJA fees request, the Magistrate Judge properly observed that despite the remand, the Commissioner was substantially justified in arguing that the ALJ's factual finding regarding Plaintiff's credibility should be upheld, and all other issues raised by Plaintiff

2

lacked merit (R & R, ECF No. 23 at PageID.804).  The Commissioner's arguments, taken as a whole, were justified, and the credibility determination issue was distinct from the issues on which the Commissioner prevailed (*id.*).  Moreover, the evidence did not strongly establish proof of disability or entitlement to DIB and SSI benefits (*id.*).

The Magistrate Judge's reasoning is well-grounded in the record and sound.  Plaintiff's request for EAJA fees is properly denied because the Commissioner's position had a reasonable basis in law and fact, and was substantially justified (*see id.* at PageID.804-805).  The Court is not persuaded by Plaintiff's argument to the contrary.

Accordingly:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 24) are DENIED, and the Report and Recommendation of the Magistrate Judge (ECF No. 23) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's Application for Attorneys' Fees under the Equal Access to Justice Act (ECF No. 19) is DENIED.


Dated:  September 11, 2018 /s/ Janet T. Neff
JANET T. NEFF
United States District Judge